UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JESUS A. UZCATEGUI COLINA,

Petitioner,

v.

No. 6:26-CV-00116-H

WARDEN, EDEN DETENTION CENTER,

Respondent.

## ORDER

Petitioner moves for voluntary dismissal without prejudice of his petition for writ of habeas corpus. Dkt. No. 10. He asserts that his circumstances materially changed after briefing was completed in this case. Specifically, he states that he was transferred from the Eden Detention Center to the Diamondback Correctional Facility in Watonga, Oklahoma, and he has developed a medical condition that requires surgical treatment. So, he argues that the context of his challenged detention has changed, and he seeks to avoid a merits determination from this Court. As explained below, the motion is denied.

Federal Rule of Civil Procedure 41(a) permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or with a stipulation of dismissal filed by all parties who have appeared. Rule 41(a) may be applied in a habeas proceeding. *See* Rule 11 of the Rules Governing Section 2254 Cases; *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988). Here, because Respondent has answered and has not stipulated to the motion, dismissal is permitted "only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"If the plaintiff's right to dismiss by notice or stipulation has expired, dismissal is within the discretion of the district court." C. Wright & A. Miller, *Federal Practice and*

*Procedures: Civil* § 2364 (4th ed.) (footnotes omitted); *see also Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988). "In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant. If a dismissal would unfairly prejudice the defendant, then the plaintiff's motion to dismiss should be denied." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *Wammel v. United States*, No. 4:22-CV-842, 2025 WL 2015390, at *1 (E.D. Tex. July 18, 2025). Particularly relevant here, "after the [petitioner] has concluded his evidence," Rule 41(a)(2) requires "an especially strong showing . . . to warrant voluntary dismissal without prejudice." *Kramer*, 845 F.2d at 1294.

Petitioner fails to make the strong showing required for voluntary dismissal without prejudice at this stage. First, the procedural posture of this case counsels against granting a voluntary dismissal without prejudice. *See Kramer*, 845 F.2d at 1294. Because the parties have fully briefed the disputed issues in this case, and the petitioner has concluded his evidence, the bar for granting dismissal is necessarily higher. Second, Petitioner's transfer to a different detention facility does not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). Thus, because Petitioner was confined in the Eden Detention Center when he filed his petition, the Court maintains jurisdiction over it.

Finally, neither Petitioner's medical condition nor any alleged delay or denial of medical treatment alter the analysis of Petitioner's habeas claims. Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Simply

– 2 –

stated, habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935. So, the Fifth Circuit has "adopted a simple, bright-line rule for resolving such questions[:] If a favorable determination would not automatically entitle the prisoner to accelerated release" from imprisonment, the prisoner's claims are not cognizable under the habeas statutes. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (internal quotation marks omitted) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson*, 112 F.3d at 820–21). Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979). As a result, Petitioner's medical denial claims, if any, are not properly before the Court in this habeas action. And adjudicating Petitioner's habeas claims will not prejudice his right to seek appropriate relief on any civil-rights claims in a procedurally correct manner.

Thus, the Court sees no compelling reason to grant voluntary dismissal without prejudice. Petitioner's petition remains pending. Briefing is complete, and the Court will consider the petition in due course.

So ordered on ___July 1___, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

– 3 –